UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AMERESCO SOLAR, LLC**                                                                      **CIVIL ACTION**

**VERSUS**                                                                                                             **NO. 14-2890**

**JON SADER, ET AL**                                                                                 **SECTION "K"(1)**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant, Jon Sader. R. Doc. 6. Having reviewed the motion, memoranda, and relevant law, the Court DENIES the motion for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff, Ameresco Solar, LLC ("Ameresco"), filed the instant action against Defendants Jon Sader and Sader Power Enterprises, LLC ("Sader Power"). Ameresco alleges that it provided $1,934,748.52 in goods and services and that neither Mr. Sader nor Sader Power paid for such goods and services. In paragraph eight of the Complaint in its general allegations, Ameresco states that Mr. Sader is the sole member of Sader Power and alleges that Mr. Sader is the guarantor or surety in addition to the alter-ego of Sader Power. In Count One of the Complaint, Ameresco alleges that Mr. Sader is liable as a guarantor or surety of Sader Power on an open account claim. In Count Two of the Complaint, Ameresco contends that Mr. Sader, as the alter-ego of Sader Power, is liable for the debt of the principal on its breach of contract claim.

Defendant argues that Plaintiff has failed to plead any facts relating to the relevant factors under the alter-ego theory in Louisiana law. Specifically, Defendant alleges that Plaintiff fails to allege that Defendant failed to follow corporate formalities, commingled funds, did not maintain records, or transacted its affairs improperly, and rather relies exclusively on the fact that Mr.

Sader is the sole shareholder of Sader Power, as alleged in paragraph eight of the Complaint, to support its alter-ego theory of liability.

In opposition, Plaintiff asserts that, preliminarily, the single allegation in paragraph eight does not constitute a claim or cause of action but serves to support the claim that Mr. Sader is liable for the debt owed; Defendant's motion, therefore, is more properly characterized as a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. Because the alter-ego theory of liability raises questions of fact and law, no motion to strike should be granted and the matter should be resolved on the merits following discovery. Addressing the substance of the Defendant's motion, the Plaintiff asserts that the Complaint sets forth sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff points to its allegations in several paragraphs that demonstrate that Mr. Sader failed to observe corporate formalities as well as acts where it remains unclear whether Mr. Sader acted on behalf of Sader Power or his own behalf. In addition, Plaintiff addresses facts in the public record and documents incorporated into the Complaint by reference demonstrating that Mr. Sader was the sole member of Sader Power and that Sader Power was undercapitalized. The Plaintiff contends that, at this stage of the litigation, it is unnecessary to demonstrate all factors a court may consider in assessing the presence of an alter ego claim. Here, Plaintiff asserts that it has met the applicable pleading standard, giving fair notice of the substance of the claim and the factual grounds upon which the claim rests.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure sanction dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, such motions are generally viewed with disfavor and rarely granted. *Turner v. Pleasant,* 663

F.3d 770, 775 (5th Cir.2011) (citing *Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141, 147 (5th Cir.2009)).

To state a claim, under Federal Rule of Civil Procedure 8(a)(2) requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). The court must accept all well-pleaded factual allegations as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001), *cert. denied sub nom Cloud v. United States,* 122 S.Ct. 2665 (2002). Although the court must accept as true all well-pleaded factual allegations set forth in the complaint, this tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* As *Twombly* indicates, the complaint must allege enough facts to give rise to a reasonable hope or expectation that discovery will reveal evidence of the foregoing elements of loss causation. 550 U.S. at 556.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. at 697 (quoting *Twombly,* 550 U.S. at 570). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim is plausible if 'the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *United States v. Bollinger Shipyards, Inc.,* 775 F.3d 255, 260 (5th Cir.2014) (citing *Iqbal,* 556 U.S. at 678); *see Hale v. King,* 642 F.3d 492, 499 (5th Cir. 2011).  Plausibility calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly,* 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 at 664.  A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,* 550 U.S. at 556.  "The plausibility standard 'does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial.' " *Bollinger Shipyards,* 775 F.3d at 260 (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 803 n. 44 (5th Cir.2011)). The ultimate question to be resolved is "whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 131 S.Ct. 1289, 1296, 179 L.Ed.2d 233 (2011).  "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Id.* Nevertheless, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir.2008)

(citation omitted).  However, courts may rely upon "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir.2010).  In addition, courts may rely upon "matters of which a court make take judicial notice," *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011), including "matters of public record," *Norris v. Hearst Trust,* 500 F.3d 454, 461 n9 (5th Cir. 2007).

### III.    DISCUSSION

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, 116 S .Ct. 2211(1996); *see also Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817 (1938).  The relevant substantive Louisiana law in this case provides that corporations in general are "distinct legal entities, separate from the individuals who comprise them, and that the shareholders are not liable for the debts of the corporation," *Riggins v. Dixie Shoring Co.*, 590 So. 2d 1164, 1167 (La. 1991), with limited exceptions.  In exceptional circumstances, Louisiana law permits courts to pierce the corporate veil of limited liability.  *Port of S. Louisiana v. Tri-Parish Indus., Inc.,* 927 F. Supp. 2d 332, 342 (E.D. La. 2013)(citing *Hollowell v. Orleans Reg'l Hosp., LLC,* 217 F.3d 379, 385 (5th Cir.2000)).  In one exception, the corporate veil may be pierced and the individual shareholder held liable for the debts of the corporation "where the corporation is found to be simply the 'alter ego' of the shareholder." *Riggins*, 590 So. 2d 1164, 1168 (La. 1991). "Generally, unless the directors or officers of a corporation purport to bind themselves individually, they do not incur personal liability for debts of the corporation." *Id.* at 1168-69 (citation omitted).

When a party seeks to pierce the corporate veil, the totality of the circumstances is determinative. *Id.* at 1169. As the Louisiana Supreme Court stated:

> Some of the factors courts consider when determining whether to apply the alter ego doctrine include, but are not limited to: 1) commingling of corporate and shareholder funds; 2) failure to follow statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder and director meetings.

*Id.* These factors are merely illustrative, not exclusive—the totality of the circumstances is determinative. *See Riggins,* 590 So.2d at 1168; *Hollowell,* 217 F.3d at 387; *Prasad v. Bullard,* 51 So.3d 35, 40 (La.Ct.App. 5th Cir.2010). Thus, courts are free to consider additional factors. *Hollowell,* 217 F.3d at 387 (collecting examples of cases in which Louisiana courts considered more than the five *Riggins* factors).

In the Complaint, Plaintiff alleges that: (1) "Upon information and belief, Sader Power is the alter ego of M. Sader, its sole member and guarantor/surety," (2) that Mr. Sader "on behalf of himself and Sader Power and/or its affiliates, executed and submitted a credit application and guarantee to Ameresco," and (3) that "Mr. Sader . . . listed . . . his own Social Security number in the 'Principal Social #' field" and signed his name in the "Principal Signature" field in the credit application. Compl. ¶¶8, 11, 12, and 13; R. Doc. 1. Attached to the Complaint, Plaintiff includes documents that it claims evidences Sader Power's undercapitalization and a letter, written and signed by Mr. Sader, in which he stated: "I am writing to confirm the intent of Sader Power Enterprises, LLC [] to repay its trade accounts payable to Ameresco…" Compl. Ex. I 1, R. Doc. 1-10. Plaintiff also cites Mr. Sader's separate waiver of service of summons executed in this action as evidence of his disregard of corporate formalities, wherein Mr. Sader signed his

name on one application as CEO of Sader Power but nevertheless included his company email and personal home address and telephone number on that application.

The Court notes, in the first instance, that Defendant's motion is not properly characterized as a Rule 12(f) motion to strike. It is clear that the substance of Defendant's motion seeks to establish that Plaintiff has failed to state a claim under Rule 12(b)(6) as to alter-ego liability upon Defendant's belief that the only fact alleged is in paragraph eight. Moreover, the alter-ego theory of liability, which supports the cause of action for breach of contract asserted against Mr. Sader, must be considered a necessary part of the claim entitling the Plaintiff to relief. Thus, the Court finds the motion is properly considered under the Rule 12(b)(6) analysis.

In review of the Complaint, the attached documents, and those documents to which the Court may take judicial notice, the Court does not find that the Plaintiff's Complaint demonstrates sufficient facts to state a claim that is plausible on its face. While Mr. Sader may be the sole member of Sader Power, this fact alone does not demonstrate that Mr. Sader purported to bind himself on behalf of the company. Assuming the verity of Plaintiff's allegation that Mr. Sader did bind himself by signing the credit application with his name and social security number under the "Principal" field, these facts do not tend to establish the fact that Mr. Sader ignored corporate formalities where he was the sole member and principal for the Company. Though the documents attached the Complaint may demonstrate undercapitalization, the fact is not pled in the Complaint but mentioned in the Plaintiff's Opposition, and the Court is reluctant to look beyond the pleadings when ruling on a motion to dismiss. *See Powell v. Pride Offshore, Inc.*, C.A. No. 11-640, 2011 WL 2293238, at *2 (E.D.La. June 8, 2011). For the same reasons, the Court entertains similar reluctance as to its consideration of the waiver of service of summons executed in the instant case.

As to the facts establishing a basis for alter-ego liability and considering these facts in the light most favorable to the Plaintiff, the Plaintiff has potentially pleaded facts that may demonstrate, at most, the failure to follow corporate formalities and undercapitalization. However, the Court is not obligated to consider conclusory statements that Mr. Sader acted on his own behalf as well-pled and entitled to a presumption of truth.  While the Court agrees with the Plaintiff that a showing of all factors is not required at the pleading stage, nor is Plaintiff required to detail the entirety of the legal argument, the Plaintiff must nevertheless allege sufficient facts that would demonstrate alter-ego liability and those facts must be well-plead. Here, the facts, even considered in totality, do not tend to rise above the speculative level such that Plaintiff has stated a plausible claim.

In sum, the Complaint fails to plead sufficient facts giving rise to a plausible claim of alter-ego liability under Rule 12(b)(6). However, the Court has discretion to grant plaintiffs leave to amend their complaints "when justice so requires." *See* Fed. R. Civ. P. 15(a). "The Supreme Court has held that '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.'" *Nguyen v. St. Paul Travelers Inc. Co,.* 2007 WL 3275133, at *7 (E.D. La. Nov. 5, 2007) (Vance, J.)(quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Considering the facts Plaintiff has alleged in its Complaint and in light of the federal policy favoring liberal amendment of pleadings, the Court affords the Plaintiff an opportunity to amend the Complaint and allege sufficient facts with respect to Plaintiff's alter-ego theory of liability claim.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (R. Doc. 6) is **DENIED** on the condition that Plaintiff amend the complaint to allege sufficient facts to state a claim against Jon Sader, individually, pursuant to the alter-ego theory of liability under Louisiana state law.

**IT IS FURTHER ORDERED** that Plaintiff shall file its Amended Complaint no later than **July 10, 2015**.  Failure to file the Amendment Complaint will result in the granting of the Defendant's Motion to Dismiss with respect to Plaintiff's alter-ego theory of liability on the breach of contract claim and in the relevant portion of the Complaint being dismissed without prejudice.

New Orleans, Louisiana, this 29th day of June, 2015.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**